The Honorable Karen A. Overstreet
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Case No. 09-20780-KAO |
| THE CASCADIA PROJECT LLC<br>EIN: 20-4188863,<br><br>Debtor. | APPLICATION FOR EX PARTE ORDER AUTHORIZING IMMEDIATE TRANSFER OF FUNDS; WITH SUPPORTING DECLARATIONS |

## I.  INTRODUCTION

1.  The Cascadia Project LLC ("TCP") filed its voluntary Chapter 11 petition on October 15, 2009 with the United States Bankruptcy Court for the Western District of Washington, at Seattle, Case No. 09-20780-KAO.  TCP filed its schedules and statements on October 27, 2009 [Dkt. 13].

## II.  BACKGROUND

1.  As of the petition date and the date of this application, TCP had two money market accounts with HomeStreet Bank:

    a.  Account number ******5859, with a balance as of September 30, 2009, of $234,219.29 ("Acct #1").

    b.  Account number ******6012 with a balance as of September 30, 2009 of $113,845.72 ("Acct #2").

APPLICATION FOR EX PARTE ORDER AUTHORIZING IMMEDIATE
TRANSFER OF FUNDS, WITH SUPPORTING DECLARATIONS - 1

SEADOCS:407802.1
552640.0002

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

Case 09-20780-KAO   Doc 16   Filed 10/30/09   Entered 10/30/09 16:37:30   Page 1 of 19

1  A true and correct copy of page 1 of the September 30, 2009, bank statement for Acct #1 is

2  attached hereto as Exhibit A.  A true and correct copy of page one of the September 30, 2009,

3  bank statement for Acct #2 is attached hereto as Exhibit B.

4             2.      Acct #1 is maintained pursuant to an Assignment of Funds (In Lieu of a

5  Sanitary Sewer Maintenance Bond) as to which TCP is Principal and Pierce County, a political

6  subdivision of the State of Washington, is Obligee.  A true and correct copy of the Assignment

7  of Funds, dated September 23, 2009, is attached hereto as Exhibit C.

8             3.      Acct #2 is maintained pursuant to a First Amendment to City of Orting

9  Cash Set Aside/Escrow Agreement ("Escrow Agreement")  as to which TCP is the Developer

10  and the City of Orting is "City".  A true and correct copy of the Escrow Agreement, dated March

11  11, 2008, is attached hereto as Exhibit D.

12  **III.      RELIEF REQUESTED**

13             1.      HomeStreet Bank has not qualified as an approved depository bank with

14  the Office of the United States Trustee.  It is therefore necessary that HomeStreet Bank

15  immediately transfer all funds in Acct #1 and Acct #2 to an approved depository bank.  TCP

16  wishes to transfer the funds in Acct #1 and Acct #2 to The Commerce Bank of Washington,

17  where TCP maintains a checking account and a money market account.

18             2.      TCP requests that any order requiring such transfers provide that the

19  transfers do not violate the duties of HomeStreet Bank or TCP as to either Pierce County with

20  respect to the Assignment of Funds or Acct #1, or to the City of Orting with respect to the

21

22             *[The rest of this page intentionally left blank.]*

23

24

25

26

APPLICATION FOR EX PARTE ORDER AUTHORIZING IMMEDIATE
TRANSFER OF FUNDS, WITH SUPPORTING DECLARATIONS - 2

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

SEADOCS:407802.1
552640.0002

1   Escrow Agreement or Acct #2. TCP further requests that the order provide that the lien rights of

2   HomeStreet Bank, if any, as to Acct #1 and/or Acct #2 are preserved.

3         DATED this 30th day of October, 2009.

4                         MILLER NASH LLP

5

6                         */s/ Geoffrey Groshong*

7                         Geoffrey Groshong
                         WSB No. 6124

8                         geoff.groshong@millernash.com
                         (206) 622-8484

9                         Attorneys for Debtor
                        The Cascadia Project LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

APPLICATION FOR EX PARTE ORDER AUTHORIZING IMMEDIATE
TRANSFER OF FUNDS, WITH SUPPORTING DECLARATIONS - 3

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:407802.1
552640.0002

Case 09-20780-KAO   Doc 16   Filed 10/30/09   Entered 10/30/09 16:37:30   Page 3 of 19

# DECLARATION OF STEVEN E. AHRENS

I, Steven E. Ahrens, hereby declare and state as follows:

1. I make the following statements of my own personal knowledge.

2. Since 2006 I have been and am now the CFO of The Cascadia Project LLC.

3. I have read the above application. The attached Exhibits A through D are true and correct copies of the originals. The description of those documents in the forgoing application is accurate and correct.

Pursuant to 28 U.S.C. §1746, I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED this 30th day of October, 2009, at Bellevue, Washington.


/s/ Steven E. Ahrens
Steven E. Ahrens
Chief Financial Officer

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

# DECLARATION OF GEOFFREY GROSHONG

I, Geoffrey Groshong, hereby declare and state as follows:

1. I make the following statements of my own personal knowledge.

2. On October 30, 2009, my office faxed a copy of the foregoing application and all exhibits to Mark Maenhout with the Risk Management Department for Pierce County, and to Phil Prettyman in the Pierce County Prosecutor's Office.

3. On October 30, 2009, my office faxed a copy of the foregoing application and all exhibits to Cheryl Temple, the mayor for the City of Orting, and to Christopher Bacha, an attorney with the law firm of Kenyon Disend PLLC and outside counsel to the City of Orting.

4. Counsel for HomeStreet Bank, Tony Summers with Ball Janik LLP, and counsel for The Commerce Bank of Washington, Charles Robinson with Garvey Schubert & Barer, have reviewed the application and approved the proposed ex parte order, as evidenced by their signatures on the proposed ex parte order, submitted concurrently herewith.

Pursuant to 28 U.S.C. §1746, I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED this 30th day of October, 2009, at Seattle, Washington.


*/s/ Geoffrey Groshong*
Geoffrey Groshong
WSB No. 6124

APPLICATION FOR EX PARTE ORDER AUTHORIZING IMMEDIATE
TRANSFER OF FUNDS, WITH SUPPORTING DECLARATIONS - 5

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:407802.1
552640.0002

In re The Cascadia Project LLC
Case No. 09-20780-KAO

# Exhibit A

# ⛫ HomeStreet Bank®

Last statement: August 31, 2009
This statement: September 30, 2009
Total days in statement period: 30

████5859
(0)

**RECEIVED**

**OCT 1 3 2009**

**CASCADIA PROJECT**

Direct inquiries to:
800 719-8080

HB IN TRUST FOR THE CASCADIA PROJECT LLC
601 UNION ST STE 2000 RENOVATION DEPT
SEATTLE WA 98101-1378

HomeStreet Bank
601 Union St, Suite 2000
Seattle WA 98101

---

ON MONDAY, 10-12-09 HOMESTREET IS SWITCHING TO THE
MONEYPASS NETWORK OF SURCHARGE FREE ATMS. NOW, IN
ADDITION TO HOMESTREET ATMS, YOU CAN ACCESS YOUR
CHECKING AND SAVINGS SURCHARGE FREE AT MORE THAN 900
US BANK ATMS IN WASHINGTON AND OREGON PLUS ALL BANK OF
HAWAII ATMS. (NOTE: OUR KEY BANK ATM SURCHARGE FREE
NETWORK WILL BE DISCONTINUED 11/30/09) FOR ATM LOCATIONS
VISIT: MONEYPASS.COM OR BOH.COM

---

## HB Money Market

| | | | |
|---|---|---|---|
| Account number | ████5859 | Beginning balance | $233,961.22 |
| Low balance | $233,961.22 | Total additions | 258.07 |
| Average balance | $233,961.22 | Total subtractions | 0.00 |
| Interest paid year to date | $2,585.98 | Ending balance | $234,219.29 |

### CREDITS

| Date | Description | Additions |
|---|---|---|
| 09-30 | Interest Credit | 258.07 |

### DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 08-31 | 233,961.22 | 09-30 | 234,219.29 | | |

### INTEREST INFORMATION

| | |
|---|---|
| Annual percentage yield earned | 1.35% |
| Interest-bearing days | 30 |
| Average balance for APY | $233,961.22 |
| Interest earned | $258.07 |

*Thank you for banking with HomeStreet Bank*

This contains 30% recycled
post-consumer waste fiber.    **FDIC**

In re The Cascadia Project LLC
Case No. 09-20780-KAO

# Exhibit B

# ☰ HomeStreet Bank®



Last statement: August 31, 2009
This statement: September 30, 2009
Total days in statement period: 30

●●●●●6012
(o)

Direct inquiries to:
800 719-8080

CASCADIA DEVELOPMENT CORPORATION
11232 NE 15TH STREET SUITE 201
BELLEVUE WA 98004-3739

HomeStreet Bank
601 Union St, Suite 2000
Seattle WA 98101

---

ON MONDAY, 10-12-09 HOMESTREET IS SWITCHING TO THE
MONEYPASS NETWORK OF SURCHARGE FREE ATMS. NOW, IN
ADDITION TO HOMESTREET ATMS, YOU CAN ACCESS YOUR
CHECKING AND SAVINGS SURCHARGE FREE AT MORE THAN 900
US BANK ATMS IN WASHINGTON AND OREGON PLUS ALL BANK OF
HAWAII ATMS. (NOTE: OUR KEY BANK ATM SURCHARGE FREE
NETWORK WILL BE DISCONTINUED 11/30/09) FOR ATM LOCATIONS
VISIT: MONEYPASS.COM OR BOH.COM

---

## Business Partnership MM

| | | | |
|---|---|---|---|
| Account number | ●●●●●6012 | Beginning balance | $113,715.71 |
| Low balance | $113,715.71 | Total additions | 130.01 |
| Average balance | $113,715.71 | Total subtractions | 0.00 |
| Interest paid year to date | $1,226.01 | Ending balance | $113,845.72 |

### CREDITS

| Date | Description | Additions |
|---|---|---|
| 09-30 | Interest Credit | 130.01 |

### DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 08-31 | 113,715.71 | 09-30 | 113,845.72 | | |

### INTEREST INFORMATION

| | |
|---|---|
| Annual percentage yield earned | 1.40% |
| Interest-bearing days | 30 |
| Average balance for APY | $113,715.71 |
| Interest earned | $130.01 |

*Thank you for banking with HomeStreet Bank*

This contains 30% recycled
post-consumer waste fiber.   ♻   FDIC

In re The Cascadia Project LLC
Case No. 09-20780-KAO

Exhibit C

# ASSIGNMENT OF FUNDS
## (In Lieu of a Sanitary Sewer Maintenance Bond)

KNOW ALL MEN BY THESE PRESENTS:

THAT we, ___The Cascadia Project LLC___, as *Principal*, and ___HomeStreet Bank___, as *Financial Institution*, a company incorporated under the laws of the State of ___Washington___ and authorized to conduct a business in the State of Washington, are held and firmly bound unto Pierce County, a political Subdivision of the State of Washington, as *Obligee*, in the full and just sum of $ ___$229,812.67___ dollars to the payment of which well and truly to be made we do bind ourselves, our heirs, executors, administrators, legal representatives and successors and assignees, jointly and severally, by these presents.

WHEREAS, the *Obligee* has approved construction plans dated ___Dec. 13, 2007___ for the construction of certain sanitary sewer improvements for the development known as ___The Cascadia Project LLC___ which are, or will be, dedicated to *Pierce County* pursuant to the provisions of Pierce County Code Chapter 13.04; and

WHEREAS, Pierce County Code Section 13.04 requires that the *Principal* furnish a bond conditioned to guarantee that the *Principal* will correct any defect in the dedicated improvements caused by faulty design, construction, or other reason as determined by the Wastewater Utility Manager in an amount determined by the Wastewater Utility Manager to insure that said improvements will function correctly for a period of _12_ months after final acceptance by *Pierce County*.

WHEREAS, in lieu of a maintenance bond, at the direction of *Principal*, the undersigned Financial Institution, is holding funds in the amount of Two hundred & twenty-nine thousand, eight hundred & twelve dollars, & sixty seven cents ($_229,812.67_) in Account Number ____5859____ for the sole purpose of completing the proposed sanitary sewer construction to standards acceptable to *Obligee* ,

NOW, THEREFORE, the condition of this obligation is such that if no repairs, corrective action or maintenance of any nature whatsoever of any portion of said improvements are necessary within _12_ months from date of acceptance by *Pierce County*, and the Principal and Surety are released from said obligation, in writing, by the Pierce County Wastewater Utility Manager, then this obligation shall be null and void; otherwise it shall remain in full force and effects.

IN THE EVENT that any actions or proceedings are initiated with respect to this bond, the parties agree that the venue thereof shall be Pierce County, State of Washington. Should any proceedings be necessary to enforce this bond, such sum as the Court may determine to be reasonable shall be awarded to *Obligee* as attorney's fees, interest at the rate of twelve (12%) percent per annum, and other sums found due.

Signed and dated at _Seattle_, Washington, this _23rd_ day of _September_, 20_08_.

| PRINCIPAL | SURETY |
|---|---|
| Patrick Kuo | HomeStreet Bank |
| _Principal (print or type name)_ | _Financial Institution (print or type name)_ |
| _Principal's Signature_ | By _Robt. O. Flame V.P._ |
| | _Officer's Signature_ |
| 11232 NE 15th St., Suite 201 | 601 Union St., Suite 2000 |
| _Address_ | _Address_ |
| Bellevue, WA 98004 | Seattle, WA 98101 |
| _City     State     Zip_ | _City     State     Zip_ |
| (425) 646 - 3037 | (206) 623 - 4616 |
| _Telephone Number_ | _Telephone Number_ |

All correspondence regarding this Assignment of Funds should be sent to:

Pierce County Public Works and Utilities
9850 - 64th Street West
University Place, WA 98467

# SANITARY SEWER ASSIGNMENT OF FUNDS (cont'd)

ACCOUNT NO. ██████5859

STATE OF WASHINGTON                    )
                                       )  ss.
County of __K·ng__                     )

    I, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, do hereby certify that on this ___18ᵗʰ___ day of __September__, 20_08_, personally appeared __Patrick Kuo__, to me known to be the individual described in and who executed the within instrument and
(Principal)

acknowledged that (he/~~she/they~~) signed the same as (his/~~her/their~~) free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS ___18ᵗʰ___ day of __September__, 2008 .

> Notary Public
> State of Washington
> STEVEN EDWIN AHRENS
> My Appointment Expires Sep 26. 2009

_Steven Edwin Ahrens_
Notary Public in and for the State of Washington, residing
in __Bellevue, WA__ .
My commission expires on ___9·26·09___ .


STATE OF WASHINGTON                    )
                                       )  ss.
County of __King__                     )

    I, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, do hereby certify that on this ___23rd___ day of __September__, 20_08_, personally appeared __Robert F. Pascal__, to me known to be the Officer of the Financial Institution described in and who executed
(Officer)

described in and who executed the within instrument and acknowledged that (he/she/they) signed the same as (his/her/their) free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS ___23rd___ day of __September__, 2008 .



_Marija Ereminaite_
Notary Public in and for the State of Washington, residing
in __Seattle, WA__ .
My commission expires on ___2-09-11___ .

In re The Cascadia Project LLC
Case No. 09-20780-KAO

# Exhibit D

# FIRST AMENDMENT TO

# CITY OF ORTING
# CASH SET ASIDE/ESCROW AGREEMENT

DATE POSTED: December 14, 2007
DATE WARRANTY EXPIRES: December 13, 2009

RE:  Owner/Developer Contractor: <u>CASCADIA PROJECT LLC</u>
      Project Address: <u>902 Rocky Road, Orting, WA  98360</u>

This FIRST AMENDMENT (the "**First Amendment**") to the Cash Set Aside/Escrow Agreement entered into by and between CASCADIA PROJECT LLC, hereinafter referred to as the "**Developer**" and the City of Orting, a municipal corporation, hereafter the "**City**", and dated the 28th day of August, 2006, hereafter the "**Escrow Agreement**", is entered into on the date posted as set forth above, by and between the Developer and the City, hereafter the "**Parties**", for the purpose of modifying the Escrow Agreement to provide for a cash deposit in lieu of a two-year warranty bond, upon the terms and conditions set forth below.

## I. RECITALS

WHEREAS, Developer, in anticipation of residential development of property located in unincorporated Pierce County, hereinafter referred to as "**Cascadia**", requested the City to provide sewer service to Cascadia, and

WHEREAS, the Parties subsequently entered into an agreement describing the provision of sewer service to Cascadia which agreement became the subject of a lawsuit, *Orting v. Cascadia Development Corp.*, Pierce County Superior Court Cause No. 05-2-13896-9, and

WHEREAS, the Developer desired to construct on a site located at the City of Orting Waste Water Treatment Plant at 902 Rocky Road, Orting, WA  98360, hereafter "**WWTP**", certain improvements to the Cascadia sewer collection system commonly known as the Segment 2 sanitary sewer siphon, hereafter the "**Segment 2 Improvements**", and

WHEREAS, the Developer desired to commence the direction drill portion of the Segment 2 Improvements prior to:  providing the City with complete plans for review, rec̶e̶i̶v̶i̶n̶g̶ plan approval, and resolution of the claims raised in the lawsuit, and

WHEREAS, the City expressed its willingness to grant a      he
City's WWTP facilities and site for the construction of the .      he
Segment 2 Improvements, provided that the Parties entered into   ORIGINAL   t,
and

WHEREAS, the City conditionally approved the request      ⸻ limited by the Indemnification Agreement approved by the City Council and entered into by the Parties, hereafter

Case 09-20780-KAO    Doc 16    Filed 10/30/09    Entered 10/30/09 16:37:30    Page 14 of 19

the "Indemnification Agreement", and

WHEREAS, as a condition of the Indemnification Agreement, the City and Developer entered into the Escrow Agreement with HomeStreet Bank, hereafter the **"Financial Institution"**, for the deposit of funds to secure performance of the Developer under the Indemnification Agreement, and

WHEREAS, those certain activities contemplated in the Indemnification Agreement and Escrow Agreement have concluded, and the City has inspected the site and found no patent damage or defects to the City property, and

WHEREAS, the Escrow Agreement provides that once the WWTP site is returned to preconstruction condition and the City has accepted restoration of the WWTP site, the City may authorize release of the escrow deposit; provided that, a warranty bond warranting against long-term (i.e.; latent) impacts to City facilities resulting from the Developers' activities in and around the WWTP site, and in a form approved by the City, is filed and remains active for a minimum period of two years from the date of City acceptance of restoration of City property, and

WHEREAS, the City has inspected the WWTP site and accepts restoration thereof as of the date of execution of this First Amendment, and

WHEREAS, the Developer has requested that, in lieu of a two-year warranty bond, the Parties enter into an amendment to the Escrow Agreement allowing for a release of the cash deposit; provided that, $110,500 will remain in deposit as security for the warranty obligations of Developer as set forth in this First Amendment;

## II. AGREEMENT

NOW THEREFORE, IN CONSIDERATION of the mutual covenants contained herein, and to ensure the performance of the conditions required for the City to grant right of access to the Developer to construct improvements, Parties hereby mutually agree as follows:

A.    Incorporation of Recitals. The Parties agree that, to the best of their knowledge, the above stated recitals are true and correct and are incorporated as though fully set forth herein.

B.    Indemnification Agreement. Nothing herein is intended by the Parties to modify the terms, conditions, rights, duties and obligations of the Parties as set forth in the Indemnification Agreement.

C.    Section 1 - Escrow Account – Consulting Engineer's Fees. The Parties agree that performance is complete pursuant to Section 1 of the Escrow Agreement and that said Section 1 is deleted from the Escrow Agreement.

D.    Section 2 - Escrow Account – Protection Against Damage to City Facilities. The Parties agree that the project is complete as contemplated in this Section 2 of the Escrow Agreement and that the WWTP site and facilities have been restored to preconstruction condition, with the

Case 09-20780-KAO    Doc 16    Filed 10/30/09    Entered 10/30/09 16:37:30    Page 15 of 19

exception of any latent defects that the Parties are unaware of. The City hereby instructs the Escrow Agent to release the remaining cash deposit with the exception of the amount of One Hundred Ten Thousand, Five Hundred Dollars and no cents ($110,500.00), which amount shall remain in deposit in accordance with Section 2 of the Escrow Agreement as amended herein. Section 2 of the Escrow Agreement is hereby replaced in its entirety with the following:

     1.     <u>Escrow Account – Protection Against Damage to City Facilities.</u> In order to protect the City against defects or damages to existing WWTP facilities or site caused by or resulting from the activities of the Developer, its employees or agents, and related to the directional drilling portion of the Segment 2 Improvements, and in lieu of a warranty bond, the Developer shall maintain on deposit with the Financial Institution the amount of One Hundred Ten Thousand, Five Hundred Dollars and no cents ($110,500.00), hereafter, the "**Cash Deposit**".

     The Cash Deposit shall remain and be irrevocable for a period of two years, commencing the date posted as set forth above (the "**Warranty Period**"). Developer warrants for such Warranty Period that the WWTP site and facilities will be free from defects or damage caused by or arising out of the directional drilling activities of Developer, its employees or agents, on or near City property (the "**Warranty**"). In the event this First Amendment is executed on or after the date posted, the Parties agree that the terms and conditions of the First Amendment shall apply as if the First Amendment was executed on or before such date.

     The Cash Deposit, or any part thereof, may be withdrawn by the City at the City's sole discretion, upon written demand to the Financial Institution, to pay for the cost of correcting, restoring, repairing, or replacing any such damage or defects. The Financial Institution shall make available and release such funds immediately on sight, upon such demand being made in writing by the City, by and through the Mayor of the City, or the City Administrator; provided that, such written demand shall include a statement that such demand is due to discovery of damage or defect to WWTP site or facilities warranted by Developer pursuant to this Escrow Agreement as amended by this First Amendment.

     This provision shall not be construed as creating any obligation on the City, its employees, agents and representatives to perform such work to correct the damage or defect warranted herein. Further, this rights herein shall be in addition to, and shall not be construed as or constitute a waiver of or limitation upon, the right of the City to seek any other remedies it may otherwise have in law or at equity.

E.     <u>Sections 3, 4 5, 6 and 7 Deleted.</u> The remaining Sections, 3 (Additional Conditions), 4 (Developer's Remedy of Default), 5 (City Use of Funds), 6 (City's Completion of Work), and 7 (Inspection), of the Escrow Agreement relate only to work and conditions anticipated to be completed prior to the issuance of the warranty, and such work and conditions having been completed and satisfied, these sections are therefore deleted in their entirety.

F.     <u>Section 8 - Expiration.</u> Section 8 of the Escrow Agreement is hereby replaced with the

following:

8.     Expiration. This Agreement shall remain in full force and effect for the Warranty Period. Upon expiration of the Warranty Period, any funds remaining in deposit with the Financial Institution shall be released to Developer, or Developer's assignee, and the Financial Institution and Developer shall have no further obligations hereunder; provided that, any and all fees owed the Financial Institution related to the Escrow Agreement and this First Amendment, shall be the obligation of the Developer.

G.     Remainder. The remainder of the Escrow Agreement is unchanged and shall remain in full force and effect.

DATED this 11th day of March , 2008.

**DEVELOPER/OWNER:**

By: _Patrick Kne_          Date: _March 11, 2008_

Its _Managing Member_

Business Name: The Cascadia Project, LLC

Business Address: 500-108th Ave. NE, Suite 1620

City/State/Zip Code: Bellevue, WA. 98004 - 5500

Telephone Number: _425/646·3037_

**FINANCIAL INSTITUTION:**

By: _Tim Ne_          Date: _3/17/08_

Its: _Banker_

Business Name: HomeStreet Bank

Business Address:     Suite 2000, 601 Union Street
                   Seattle, WA. 98101

Telephone No.: (206) 515-2290

**CITY OF ORTING:**

By: _Cheryl M Temple_  Date: _1 May 08_
   Mayor Cheryl Temple

City of Orting
110 Train Street
Orting, WA 98360
(360) 893-2219

Approved as to Form:

_[signature]_

Christopher D. Bacha
Kenyon Disend, PLLC
City Attorney

STATE OF WASHINGTON  )
                     ) ss.
COUNTY OF _King_     )

I certify that I know or have satisfactory evidence that _Patrick Kuo_ is the person who appeared before me, and said person acknowledged as the _Managing Member_ of **Cascadia Project, LLC**, that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Notary Public
State of Washington
STEVEN EDWIN AHRENS
My Appointment Expires Sep 26, 2009

Dated: _March 11, 2008_
_Steven Edwin Ahrens_
_Steven Edwin Ahrens_
(print or type name)
NOTARY PUBLIC in and for the
State of Washington, residing
at: _Bellevue WA_
My Commission expires: _9.26.09_

5 of 5

STATE OF _Washington_                                    ss.

COUNTY OF _King_

On this day personally appeared before me _Paul Abel_ , to me known to be
the _banker_ of _HomeStreet Bank_ , the
_Washington State Chartered savings bank_ that executed the foregoing instrument, and acknowledged
such instrument to be the free and voluntary act and deed of such
_Savings bank_ , for the uses and purposes therein mentioned, and on oath
stated that he was duly authorized to execute such instrument.

GIVEN UNDER MY HAND AND OFFICIAL SEAL this _17th_ day of _March,_ 2008.

_Marcia K. Tidball_

Printed Name _Marcia K. Tidball_
NOTARY PUBLIC in and for the State of
_Washington_ , residing at
_Kirkland_
My Commission Expires _9-19-09_