Honorable Karen A. Overstreet
Chapter 11
Hearing Date: September 22, 2010
Hearing Time: as set by Court order, emergency hearing requested
Hearing Location: Room 7206, Seattle
Response Date: at hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>THE CASCADIA PROJECT LLC,<br><br>Debtor. | Case No. 09-20780<br><br>DECLARATION OF KEVIN PADRICK IN SUPPORT OF THE CASCADIA PROJECT LLC'S EMERGENCY MOTION TO REIMPOSE THE AUTOMATIC STAY AND FOR DETERMINATION OF DEBTOR'S OBLIGATIONS UNDER 11 U.S.C. § 362(d)(3)(B) (SARE) |

I, Kevin D. Padrick, declare and certify as follows:

1. I am a senior principal and co-founder of Obsidian Finance Group, LLC ("Obsidian"). Obsidain has been the financial advisor for the Cascadia Project LLC, the Chapter 11 debtor in this case ("Cascadia"). I make this declaration in support of Cascadia's Motion to Reimpose the Automatic Stay (the "Motion").

2. I have worked extensively with distressed institutions, including advising major Wall Street investment banks; private equity funds; hedge funds; liquidating trustees; indenture trustees; and prospective purchasers of distressed assets. I am currently serving as the Liquidating Trustee for Summit Accommodators Inc. which includes the responsibility to liquidate over 100 real estate properties and other assorted businesses and ventures. I was recently financial advisor to a large Pacific Northwest home builder during its bankruptcy and successful reorganization process. I have also advised lenders providing DIP and exit financing



**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

and advised lessors under complex lease transactions impacted by the insolvency of the lessee. I have also provided asset management and sale advice to owners of structured finance assets, real estate, equipment, and venture capital investments. Prior to founding Obsidian, I was an entrepreneur in both regulated and non-regulated industries and a consultant. Prior to those endeavors, I was an attorney with Miller Nash LLP where I chaired the insolvency department and represented debtors, secured and unsecured creditors, and creditors committees, and I was also lead outside counsel for U.S. Bancorp in reorganization matters nationally and internationally. I hold an M.B.A., a J.D., and a B.S. in both mathematics and psychology, all awarded with honors. My four degrees were obtained over six years, the first two of which were spent at the United States Air Force Academy and the last four at the University of Santa Clara.

3. I have been working with Cascadia since November 2009 to obtain financing sufficient for the reorganization of Cascadia. Yarrow Bay has also participated in the search for investment for several months. As set forth in the Motion, HomeStreet Bank has obtained relief from stay, and has scheduled a disposition of personal property for 4:30 p.m. on September 23, 2010 and a non-judicial foreclosure of Cascadia's real property for 10:30 a.m. on September 24, 2010. The occurrence of either event could destroy Cascadia's chances for reorganization and the payment of creditors.

4. Finally, today, September 21, 2010, at 4:30 p.m. Seattle time, as set out in the concurrently filed declarations of Daren E. Barone, managing member of La Jolla Capital Investors, a Nevada Limited Liability Company (the "Barone Declaration"), and Pat McCarthy, the Executive of Pierce County, Washington (the "McCarthy Declaration"), we received certain commitments. Per the Barone Declaration, La Jolla Capital will invest $17.6 million, subject definitive documents and plan confirmation. Additionally, the Executive of Pierce County has stated a commitment to cause Pierce County to fund road improvements, an undertaking which will eliminate the necessity of raising an additional $15 million in investment.



**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

5. The proposed investment of $17.6 million, together with Pierce County's funding of the first phase of the 196th Street Corridor at a cost of $15 million will allow for the payment of the HomeStreet's secured claim (in the amount of $55 million in accordance with the appraisal obtained by Cascadia), the payment of HomeStreet's unsecured claim of approximately $20 million, and the payment of the other claims and interests as set forth in the Barone Declaration. The commitments are sufficient for a feasible plan. The level of initial capital is lower than the amount previously proposed by Cascadia because of two factors: 1) the undertaking of Pierce County to fund the 198th Street Corridor improvements, and 2) based on discussions and due diligence with various capital/investment sources, the prior estimations in the financial model to which I testified during the earlier 3 day trial on relief from stay were overly conservative, and the model has been refined to include more accurate projections, and thus provide a mathematical basis for confirming the plan.

6. I understand that the court is being asked to reimpose the stay based on extremely short notice to interested parties, including HomeStreet Bank. However, despite all the work Obsidian, Yarrow Bay and Cascadia have done, we were not able to obtain a financial commitment until shortly prior to my executing this declaration. This financing will fund the payments enumerated in the Barone Declaration, and I urge the court to reimpose the stay so that Cascadia can reorganize, for the benefit of all interested parties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of September 21, 2010 at Portland, Oregon.

*/s/ Kevin Padrick*
Kevin Padrick



**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352