The Honorable Karen A. Overstreet
Chapter 11
Hearing Date:
Hearing Time:
Hearing Location:
Response Date:

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

THE CASCADIA PROJECT LLC,

Debtor.

Case No. 09-20780-KAO

DECLARATION OF DAREN BARONE IN SUPPORT OF THE CASCADIA PROJECT LLC'S MOTION TO REIMPOSE THE AUTOMATIC STAY

I, Daren Barone hereby declare as follows:

1. I am the managing member for La Jolla Capital Investors, A Nevada Limited Liability Company ("LJCI"). I have personal knowledge of the facts set forth herein and I am competent to testify hereto.

2. LJCI was presented with the opportunity to invest in the reorganization of The Cascadia Project LLC ("Cascadia").

3. As a matter of course, after appropriate due diligence, any viable investment opportunities are presented to a committee that reviews the potential investment and determines whether it is opportunity LJCI should pursue. The committee has reviewed the Cascadia investment and has determined that LJCI is willing to commit with proceeding in this investment proposal. LJCI has the current assets/ability to fund this project at the level requested.

DECLARATION OF DAREN BARONE IN SUPPORT OF THE
CASCADIA PROJECT LLC'S MOTION TO REIMPOSE... - 1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:424749.4

4. In deciding to commit to the investment requested of $17.6 Million (the "Investment"), the next step is to draft and execute the definitive documents. These will be drafted as soon as practicable, and, assuming they are acceptable to LJCI, they will be executed, thus confirming LJCI's investment in Cascadia in the amount of $17.6 Million as more fully set forth below. The investment will also be conditioned upon the confirmation of a plan of reorganization in line with the expected definitive documents.

5. At this point, LJCI understands that the plan of reorganization will have the following basic points to it:

   a. HomeStreet's claims against Cascadia will be evidenced solely by new bank documents. HomeStreet shall have a secured claim of $55 million (the "Bank Secured Claim") and an unsecured claim in the amount of approximately $20 million (the Bank Unsecured Claim"). Cascadia may sell its real property or any portion thereof free and clear of any lien, claim or interest of HomeStreet. The Bank Secured Claim will be amortized over 25 years, with a balloon at the end of the 7th year. The Bank Secured Claim will accrue interest at the rate of prime plus 1%, fully floating. The Bank Unsecured Claim will be paid in 300 equal monthly payments without interest, with a balloon payment of the unpaid principal on the 84th month after the payments begin.

   b. Pierce County will fund improvements to the 198th Street corridor in the approximate amount of $15 million.

   c. Unsecured creditors will receive equal quarterly payments, beginning the second year after the plan effective date, in the amount of their approved claims, without interest, over 5 years from the beginning of payments.

   d. The existing members interest in Cascadia held by Patrick Kuo would be cancelled and the new member interest would be held by LJCI.

DECLARATION OF DAREN BARONE IN SUPPORT OF THE
CASCADIA PROJECT LLC'S MOTION TO REIMPOSE... 2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:424749.4

1    c. Funds provided by LJCI shall be used to make payments as provided in the definitive documents and to pay the Debtor in Possession Loan from Mr. Y.K. Chen in the approximate amount of $2 million, at closing.

    f. Approved fees and expenses of professionals, including Obsidian Finance Group, Miller Nash LLP and Cairncross & Hempelmann P.S., shall be paid on the later of the plan effective date or the date the bankruptcy court enters its order approving the fees and expenses.

    g. The City of Tacoma has two claims, a secured claim and an unsecured claim. As to its secured claim, the City of Tacoma will retain its lien, and the plan will defer the dates by which Cascadia must begin making payments of interest and principal to the City of Tacoma on its secured claim. The unsecured claim treatment shall be as provided in the definitive documents and the plan.

    h. As of closing Cascadia's limited liability company agreement (the "LLC Agreement") will provide for distributions of Excess Cash, as defined in the definitive documents, in the following order and percentages (but subject to the terms contained in the definitive documents) provided that, until the Bank Secured Claim and the Bank Unsecured Claim are paid, no distribution will be made unless the assets remaining after such distribution equal 110% of the remaining balances on the Bank Secured Debt and the Bank Unsecured Claim;

    (i) To the New Equity Investors until New Equity Investors have received the full amount of the capital contributed by New Equity Investors to Holdings and have received an IRR of 12% on the investment.

    (ii) 90 % to New Equity Investors and 10% to Servicing Entity (as defined in the definitive documents) until New Equity Investors have received an IRR of 20% of the Investment and a cash-on-cash multiple of 2 times the Investment.

DECLARATION OF DAREN BARONE IN SUPPORT OF THE
CASCADIA PROJECT LLC'S MOTION TO REIMPOSE... 3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:424749.4

     (iii) 80% to New Equity Investors and 20% to Servicing Entity until New Equity Investors have received an IRR of 25% on the Investment and cash-on-cash multiple of 3 times the Investment.

     (iv) 60% to New Equity Investors and 20% to Servicing Entity and 20% to Existing Equity (the amount of the Existing Equity shall be set forth in the definitive documents) until New Equity Investors have received an IRR of 30% on the Investment and a cash-on-cash multiple of 4 times the Investment.

     (v) Thereafter, 50% to New Equity Investors, 25% to Servicing Entity, and 25% to Existing Equity until Existing Equity has been paid in full, and then 50% to New Equity Investors and 50% to Servicing Entity. Kuo's right of subrogation resulting from Homestreet's draw upon the Letter of Credit back by Kuo's assets shall be paid prior to the payments to Existing Equity under this paragraph.

  Pursuant to 28 U.S.C. §1746, I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  SIGNED this 21 day of September, 2010 at NY, NY.

_____
Daren Barone

DECLARATION OF DAREN BARONE IN SUPPORT OF THE
CASCADIA PROJECT LLC'S MOTION TO REIMPOSE... 4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:424749.4